# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 12, 2024

Lyle W. Cayce
Clerk

No. 22-11248

Cesar Salinas,

*Plaintiff—Appellant*,

*versus*

Steve Loud; Teresa Torres,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CV-837

Before Richman, *Chief Judge*, and Haynes and Duncan, *Circuit Judges*.

Per Curiam:[*]

In September 2020, Cesar Salinas was arrested in downtown Fort Worth. Officers Steve Loud and Teresa Torres, two Fort Worth police officers, approached Salinas while investigating a report of a woman who was groped outside of a bar. The exchange escalated quickly, and Salinas ended up on the ground in handcuffs soon after Officer Torres arrived on the scene.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-11248

Salinas alleges that, despite his general compliance, Officers Loud and Torres slammed his head into the concrete, causing him injuries including a bloodied lip.

Nearly two years after his arrest, Salinas sued Officers Loud and Torres under 42 U.S.C. § 1983, alleging they violated his Fourth Amendment right to be free from excessive force. Salinas included references to and screenshots of Officer Loud's body camera footage in his complaint. Defendants moved to dismiss on the basis of qualified immunity and attached the body camera footage as support. The district court granted their motions. We AFFIRM.

Motions to dismiss are reviewed on appeal de novo and generally rely on just the pleadings. *Terwilliger v. Reyna*, 4 F.4th 270, 279 (5th Cir. 2021). Unlike at the summary judgment stage, a plaintiff need only plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" in order to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, when the pleadings incorporate evidence, such as documents or videos, those items can also be considered. *Jackson v. City of Hearne*, 959 F.3d 194, 204–05 (5th Cir. 2020). Importantly, while we usually accept the plaintiff's pleaded facts on such an appeal, we adopt the video over the pleaded facts if it blatantly contradicts those allegations. *Harmon v. City of Arlington*, 16 F.4th 1159, 1163 (5th Cir. 2021); *Scott v. Harris*, 550 U.S. 372, 380 (2007).

Relevant here, the police were advised that one of two men, including Salinas, may have committed a crime in terms of groping a woman down the street. Officer Loud first approached Salinas, who was talking on his phone, and asked for his identification. Salinas gave the officer his driver's license. Officer Loud told Salinas to come with him, but Salinas declined. Just then

No. 22-11248

Officer Torres arrived, and Officer Loud told her the situation. She took Salinas's shoulder and asked his name; he refused, contending that he had already given his ID. He ignored her and continued on his phone. In a very short time, she sought to handcuff him. While he alleges he was complying, the video shows him resisting and turning away. He was knocked down on the ground and began bleeding.

The officers contend that they are entitled to qualified immunity. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity questions at the earliest possible stage in litigation." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991). In order to overcome qualified immunity at the motion to dismiss stage, a plaintiff must state a claim that (1) the defendant violated a constitutional right, and (2) the constitutional right at issue was clearly established at the time of the defendant's alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The plaintiff must make this pleading for each defendant individually. *See Darden v. City of Fort Worth*, 880 F.3d 722, 730 (5th Cir. 2018).

In this case, the question is whether Salinas sufficiently pleaded excessive force. If the video blatantly contradicts what he pleaded, then it can be considered in place of the complaint. There is no question that the officers used force, but the question is whether it was "excessive." Courts may look to the severity of a plaintiff's injury to determine whether the force was excessive. *See Westfall v. Luna*, 903 F.3d 534, 549 (5th Cir. 2018) (per curiam). Although Salinas now contends substantial harm, at the time, when the officers called for medical attention, Salinas stated that he was not hurting and refused any treatment.

The district court relied on the video to find that Salinas resisted and did not comply (as opposed to his complaint's contention), such that some force was proper. We agree. Given that Salinas resisted and suffered at most

No. 22-11248

only minimal injuries, the force was not excessive. Accordingly, we AFFIRM.